NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0597n.06

No. 17-4312

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 29, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JERRY DAVIS, JR., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: BATCHELDER, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. A federal jury convicted Jerry Davis, Jr. of various drug and firearm charges. On appeal, Davis argues that the district court erred by denying his motion to suppress and that his trial counsel was ineffective. We reject his arguments and affirm.

I.

In November 2016, Akron Police Sergeant Michael Orrand saw a white Ford Explorer with out-of-state license plates driving around a strip-mall parking lot. The out-of-state plates were consistent with drug activity, so Orrand alerted other officers. Ohio State Highway Patrol Trooper Michael McCarty spotted the Explorer and began to follow it as it left the parking lot.

McCarty paced the Explorer in his police cruiser, noting that it was traveling 10 miles an hour above the speed limit. A minute later, McCarty stopped the Explorer and asked the driver, Davis, for his license and registration. As McCarty checked Davis's information, another officer

approached the Explorer with a drug-sniffing dog and asked Davis to step out of the car. Instead, Davis sped away, reaching speeds of over 80 miles per hour in a 25 miles-per-hour zone, with McCarty chasing behind until Davis crashed into a parked car. Davis jumped out of the Explorer and McCarty chased him on foot until Davis leapt off a bridge, injuring himself in the fall. Officers soon arrested him.

Officers thereafter searched the Explorer, discovering a gun on the driver's side of the car and a black duffel bag containing eleven packages wrapped in green cellophane. An initial field test indicated that the packages contained fentanyl. (Later laboratory testing showed that the packages actually contained cocaine—11 kilograms in total.) Within hours, a detective in the Summit County Sherriff's Office submitted an affidavit in support of a search warrant for Davis's house. The affidavit described Davis's arrest, as well as other information about his criminal history and reputation as a drug dealer. A judge granted the search warrant, pursuant to which officers found 25 kilograms of cocaine, a firearm, and other drug-trafficking evidence at Davis's house.

Based on this evidence, the government charged Davis with two counts of possession of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii), two counts of possession of a firearm, in violation of 18 U.S.C § 924(c)(1)(A)(i) and (c)(1)(C)(i), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before trial, Davis moved to suppress the evidence found in his car and his house. The district court denied the motion. Davis thereafter proceeded to trial where he was convicted on all five counts. The district court sentenced Davis to 248 months' imprisonment. This appeal followed.

II.

Davis principally argues that the district court erred by denying his motion to suppress. We review the district court's findings of fact for clear error and its conclusions of law de novo. *See United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013).

Davis first contends that the district court should have suppressed the evidence found in the Explorer because, he says, Officer McCarty stopped the vehicle without probable cause. *See United States v. Hockenberry*, 730 F.3d 645, 658 (6th Cir. 2013). At the suppression hearing, McCarty testified that he had seen Davis driving 10 miles per hour over the speed limit. Video footage taken from McCarty's patrol car corroborated that testimony. McCarty therefore had probable cause to stop the Explorer. *See United States v. Smith*, 601 F.3d 530, 542 (6th Cir. 2010).

Davis next contends that the district court should have suppressed the evidence found in his house because, he says, the affidavit in support of the warrant application failed to establish probable cause. To establish probable cause, an affidavit must show among other things a "nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (internal quotation marks omitted). Davis says that nexus was lacking here. In cases involving drug trafficking, however, "magistrate[s] may infer a nexus" between the drug trafficker's home and relevant evidence because drug traffickers often "use their homes to store drugs" and other paraphernalia. *See United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008) (citing cases). Here, according to the affidavit, Ohio police had just discovered a large quantity of drugs in Davis's SUV; a confidential informant had recently identified Davis as a "large scale [h]eroin dealer in the Akron area"; and the Drug Enforcement Administration had previously seized large sums of money from Davis as drug proceeds. Based on this evidence, the magistrate could have inferred that Davis used his home to store drugs or other relevant evidence.

Davis responds "that a suspect's status as a drug dealer, standing alone, [does not] give[] rise to a fair probability that drugs will be found in his home." *See United States v. Brown*, 828 F.3d 375, 383 (6th Cir. 2016) (internal quotation marks omitted). But *Brown* recognized that a suspect's status as a "major player[] in a large, ongoing drug trafficking operation" can give rise to that fair probability. *Id*. at 383 n.2. Here, the affidavit showed precisely that as to Davis, so his argument is meritless.

Davis finally argues that his trial counsel was ineffective in various respects. As a general rule, however, defendants may not raise ineffective assistance of counsel on direct appeal unless "the parties have adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Davis has not made any effort to develop the relevant record here. Nor has he offered reason to depart from the general rule. We therefore do not address his ineffective-assistance argument in this appeal.

The district court's judgment is affirmed.